UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENOVO MEDICAL, INC., et al., | Case No.17-cv-04195-HRL |
| Plaintiffs, | |
| v. | **ORDER ON DEFENDANTS' MOTIONS TO DISMISS** |
| BIOTRONIK, INC., et al., | Re: Dkt. Nos. 58, 59, 61, 66, 74 |
| Defendants. | |

Plaintiffs DeNovo Medical, Inc. and Ronald Fry ("Plaintiffs") sue Biotronik, Inc., James Maldonado, Marlou Janssen, Jake Langer, Paul Woodstock, Peter Elia, Mike Iversen, Rich Rimmer, John Lacey, Mike Nitsch, Mike Boras, and Chris Mulvanny (collectively "Defendants").[1] The complaint, filed in this Court in December 2017, asserts thirteen claims. Dkt. No. 1. Two claims arise under federal law: one is for violation of the False Claims Act, 31 U.S.C. §§ 3729-33; the other concerns the Stark Law, 42 U.S.C. § 1395nn, which prohibits self-dealing by physicians who treat Medicare and Medicaid patients. The remaining eleven claims, including breach of contract, defamation, conversion, and fraud, all arise under state law.

Iversen, Janssen, Lacey, Langer, Maldonado, Mulvanny, Nitsch, and Woodstock moved to dismiss the complaint under Rule 12(b)(6). Dkt. No. 58. Biotronik followed suit, Dkt. No. 59, and then Boras, Dkt. No. 61, Rimmer, Dkt. No. 66, and Elia, Dkt. No. 74, filed their own motions to dismiss. However, Defendants then filed a case management statement in which they explained:

---

[1] The complaint names a thirteenth defendant, John Cain, but Plaintiffs voluntarily dismissed the action as to him after learning that he is deceased. Dkt. No. 55.

> "[T]he parties have tentatively agreed to a stipulation pursuant to which Plaintiffs will dismiss their federal causes of action (Counts Twelve and Thirteen) with prejudice and their state law causes of action (Counts One through Eleven) without prejudice in exchange for Defendants' agreement not to seek fees or costs incurred as a result of Plaintiffs' federal lawsuit. The parties are in the process of finalizing the details of the stipulation and expect to file it with the Court shortly."

Dkt. No. 78 at 2. To date, no stipulation has been filed. Instead, Plaintiffs filed a document styled an opposition to the motions to dismiss. In it, Plaintiffs explained that they are "amenable to dismissing [the two federal claims] pursuant to a stipulation by the parties." Dkt. No. 80. "As those are the only two causes of action supporting subject matter jurisdiction," Plaintiffs continued, "this Court will no longer have subject matter jurisdiction over this litigation. Plaintiffs request that the case be remanded to the Santa Clara County Superior Court so that litigation can continue between the parties in a timely manner." *Id.*

A hearing on the motions to dismiss is scheduled for April 17, 2018, but the Court concludes that they may be resolved without oral argument. Civil L.R. 7-1(b). All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 6, 27, 33, 34, 64, 75, 77.

First, the Court understands Plaintiffs' submission to mean that they do not oppose Defendants' motions to dismiss the two federal claims. Those claims are therefore dismissed. The parties apparently intended to dismiss those claims with prejudice via stipulation, but no such stipulation has been filed, so the Court dismisses the two federal claims without prejudice.

Second, Plaintiffs' argument that this Court automatically loses subject matter jurisdiction if it dismisses the federal claims is wrong. A district court "may decline to exercise supplemental jurisdiction over a claim [if] . . . (3) the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c). In other words, even after all federal claims are dismissed, it is within the sound discretion of the Court to decide whether to exercise supplemental jurisdiction over the remaining state law claims. *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172-73 (1997). If there was no underlying federal subject matter jurisdiction, then dismissal would be mandatory. *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (without the "hook" of federal subject matter jurisdiction, district court has no power under § 1367 or Article III of the

2

Constitution to exercise supplemental jurisdiction). But Defendants all move under Rule 12(b)(6), not 12(b)(1), and the Court has no reason to believe it lacks federal question jurisdiction over Plaintiffs' False Claims Act and Stark Law claims. With that in mind, the Court declines to exercise supplemental jurisdiction over the eleven remaining state law claims. *See Wade v. Regional Credit Association*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice."). None of the parties want to be in federal court anymore – not even Plaintiffs – and the Court will not force them to stay. The claims are all dismissed without prejudice.

Third and finally, the Court cannot grant Plaintiff's request to remand this case to state court because this case never was in state court. Plaintiffs filed their complaint right here, in the United States District Court, and the Court lacks authority to remand a case that was not originally removed from state court. *See* 28 U.S.C. § 1447.

The Court grants Defendants' motions and dismisses the complaint without prejudice. Plaintiffs have until May 11, 2018, to file an amended complaint, though based on the parties' submissions, that seems unlikely to happen. If no amended complaint is filed by that date, the Clerk of Court will be instructed to close the file in this matter.

**IT IS SO ORDERED.**

Dated: April 11, 2018

HOWARD R. LLOYD
United States Magistrate Judge